# IN THE COURT OF APPEALS OF IOWA

No. 22-0241
Filed April 26, 2023

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MIGUEL ANTONIO RUIZ, JR.,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.


     Miguel Ruiz appeals the sentences imposed upon his criminal convictions.

**AFFIRMED.**


     Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

     Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.


     Considered by Bower, C.J., Badding, J., and Mullins, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**MULLINS, Senior Judge.**

Miguel Ruiz appeals the sentences imposed upon his convictions, following guilty pleas,[1] for obstructing prosecution and accessory after the fact. He argues the sentencing court "abused its discretion by considering aggravating factors that were not borne out by the record at [his] sentencing."

Ruiz was charged by trial information with obstruction of prosecution, accessory after the fact, and two counts of conspiracy. In time, Ruiz filed a written guilty plea, which noted the terms of the plea agreement included concurrent sentences on counts one and two and dismissal of the conspiracy charges. Ruiz agreed to the accuracy of the minutes of evidence to establish factual bases for his plea to counts one and two, and he admitted he did "obstruct prosecution by aiding + abetting the destruction of potential evidence + assisted an individual charged w/ a felony by transporting out of area." The court accepted Ruiz's pleas and set the matter for sentencing.

At the sentencing hearing, the State recommended concurrent prison sentences, highlighting its position that Ruiz "hasn't accepted appropriate accountability for his actions." Specifically, the State explained Ruiz "never came forward to offer assistance or truth to tell what happened in this case," which resulted in the victim's family having "to wait so long in order to find out the truth about what happened" to the victim "and how he died." The defense recommended imposition of suspended sentences, highlighting Ruiz's limited

---

[1] The State agrees Ruiz has good cause to appeal following his guilty pleas. *See* Iowa Code § 814.6(1)(a)(3) (2022); *State v. Damme*, 944 N.W.2d 89, 104 (Iowa 2021).

criminal history, employment, and "truthful retelling of what occurred" to investigators.[2]

Following the reading of a victim impact statement, the court sentenced Ruiz to concurrent terms of imprisonment not to exceed two years. The court explained:

> In determining this sentence, I've considered the entirety of the information before me in this case, which includes the nature and circumstances of these offenses and the history and characteristics of the Defendant as I know them, which include just one prior criminal conviction out of the state of Illinois. It was a firearm-related offense, and this is a firearm-related incident we're talking about here.
> *And I agree with the State's characterization that Mr. Ruiz could have done a lot, a lot earlier, to ameliorate some suffering of the families and even another one of the defendants in this action.*
> *This case is different than [another codefendant's] because [the codefendant] came forward earlier, pled earlier, and she got the additional benefit for doing that. The same does not apply, in my mind, to Mr. Ruiz.*
> I did consider the recommendation of both counsel in this case. I've considered Mr. Ruiz's right to not say anything in this case. I did not hold it against him in any way. And I also considered the victim impact statement we heard here today.
> But I do find that this sentence offers the Defendant the maximum opportunity for rehabilitation, balanced against the interest in protecting the community; and it does justice, given the facts and circumstances of the charges in this case.

(Emphasis added.)

Focusing on the emphasized language in the court's statement above, Ruiz argues on appeal that court's belief that he "was not cooperative and forthcoming with law enforcement regarding his involvement" is not supported by the record and was therefore an improper sentencing factor.

---

[2] Ruiz declined his opportunity for allocution.

We review sentencing challenges for an abuse of discretion, which occurs when the district court relies on an impermissible sentencing factor. *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). A consideration is out of bounds for sentencing purposes "unless the defendant admits them or facts are presented to prove them." *State v. Fetner*, 959 N.W.2d 129, 135 (Iowa 2021).

The minutes of evidence disclose the following pertinent facts. An argument at a house party in Cedar Rapids in the early morning hours of June 18, 2020 resulted in the shooting death of Malik Sheets. Sheets was allegedly shot by either M.J. or C.E.,[3] one of the two people Ruiz was at the party with. The trio fled from the party after the shooting. Later that morning, they arrived at Sharvell Davis's apartment in North Liberty, disposed of their clothes in a garbage bag, and gave Davis directions on what to do with the bag. The trio then fled to Illinois.

The next day—June 19—Ruiz, M.J., and C.E. were taken into custody by police in Illinois. When interviewed by Cedar Rapids law enforcement that same day, all three denied being involved in the shooting. Ruiz reported he "didn't really know what happened" at the party; left the party with M.J., C.E., and another person after things "erupted"; went to an apartment in North Liberty, then went to Chicago. M.J. reported to police that changing his clothes was Ruiz's idea. C.E. reported they went to North Liberty to change clothes "then went to Illinois to avoid getting into trouble."

Law enforcement continued investigating the matter through September. While outside the minutes of evidence, the record shows a criminal complaint was

---

[3] These individuals were apparently juveniles at the time.

filed and a warrant issued for Ruiz's arrest on September 18. He was arrested on November 22. As noted, Ruiz admitted in his guilty plea that he assisted in destroying evidence to obstruct prosecution and transported another out of the area as an accessory after the fact.

The record shows Ruiz was involved in the shooting and—with the likely intent to prevent apprehension—destroyed evidence, aided the known perpetrators involved in fleeing the state, and lied to law enforcement about it all. The truth was only uncovered by further investigation by law enforcement. All of these facts are ingredients to the factual bases supporting Ruiz's pleas, and they are drawn from permissible sources to establish a factual basis. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013) (noting "the entire record before the district court may be examined" in determining a factual basis). So Ruiz's claim that the court's belief that he "was not cooperative and forthcoming with law enforcement regarding his involvement" was an improper factor as unsupported by the record rings hollow. The facts before the court specifically show he was not cooperative and forthcoming with law enforcement about his involvement. To the extent the court considered this as a factor in its sentencing decision, it was fair game.

Finding the court did not abuse its discretion by relying on an improper sentencing factor, we affirm.

**AFFIRMED.**